Jin v. Sessions

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of May, two thousand eighteen.

Present:      ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
              PETER W. HALL
                      *Circuit Judges*.
_____

ZHEZHU JIN,

                      *Petitioner*,

              v.                                          16-2289
                                                         NAC

JEFFERSON B. SESSIONS III,  ATTORNEY GENERAL,

                      *Respondent*.
_____

For Petitioner:          ZHEN LIANG LI, New York, N.Y.

For Respondent:          STEFANIE NOTARINO HENNES, Trial Attorney, Office of
                         Immigration Litigation, Civil Division, U. S. Department of Justice
                         (Chad A. Readler, Acting Assistant Attorney General, Leslie
                         McKay, Senior Litigation Counsel, *on the brief*), Washington, D.C.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") decision is **DENIED**.

Petitioner Zhezhu Jin, a native and citizen of the People's Republic of China, seeks review of a June 1, 2016, decision of the BIA affirming a June 1, 2015, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Zhezhu Jin, No. A206 063 929 (B.I.A. June 1, 2016), *aff'g* No. A206 063 929 (Immig. Ct. N.Y. City June 1, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The immigration judge may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies or omissions in an applicant's statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Significant inconsistencies between Jin's testimony and application on one hand and his statements to an asylum officer on the other provide substantial evidence for the adverse credibility determination. *Id.* For example, during his asylum interview, Jin reported a seven-day detention, but failed to report the mistreatment in police custody that he listed in his application until the asylum officer confronted him with his written statement. Jin also initially told the asylum officer that he did not seek medical treatment after his release from detention. But on further questioning, he changed his testimony.

The agency did not err in relying on the asylum officer's memorandum to assess Jin's credibility. Contrary to Jin's argument, the memorandum was admissible in his removal proceeding as long as it was "probative and its use [was] fundamentally fair" and therefore comported with the requirements of due process. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006). The memorandum contained a clear summary of Jin's statements at the interview and is not due the "special scrutiny" due airport interviews, for example, which occur shortly after arrival under often stressful circumstances. *See Diallo v. Gonzales*, 445 F.3d 624, 632-33 (2d Cir. 2006). The memorandum identified the questions asked, as well as Jin's responses to those questions and to follow-up questions pertaining to perceived inconsistencies.

Nor did Jin show error in the agency's consideration of his false statements and documents used to obtain a visa to the United States. Although an asylum applicant's lies or use of false documents to escape persecution generally "should not be used as basis to deny asylum," *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133-34 (2d Cir. 2006), the agency reasonably concluded that Jin was not fleeing imminent persecution: he applied for the visa approximately two years

2

after his alleged detention and voluntarily returned to China without applying for asylum during his initial trip to the United States.

Nor did Jin rehabilitate his testimony with corroborating evidence. He did not document his wife's sterilization, his own medical care, the fine paid to secure his release from custody, or the termination of his employment after his wife's sterilization. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in giving Jin's wife's letter limited weight. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give limited weight to letter from applicant's spouse in China).

Given Jin's inconsistent testimony regarding his medical treatment, his omission of details of his abuse, and his lack of reliable corroboration, and his voluntary return to residence in China between the alleged persecution and his eventual application for asylum, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because Jin's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3